11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Mavis Yvonne Love

Appellant

Vs.                   No.
11-02-00172-CR -- Appeal from Dallas County

State of Texas

Appellee

 

Mavis
Yvonne Love waived her right to a jury trial and pleaded not guilty to the
charge that she assaulted a public servant. 
After a bench trial, the trial court convicted appellant and assessed
her punishment at confinement for 4 years and a $500 fine.  The trial court then suspended the
imposition of the sentence and placed appellant on community supervision for 2
years.  We affirm. 

Appellant
presents two issues for review.  In the
first issue, appellant contends that the evidence is factually insufficient to
show that she knowingly and intentionally caused bodily injury.  In the second issue, appellant contends that
the evidence is legally insufficient to show that she knowingly and
intentionally caused bodily injury.  In
order to determine if the evidence is factually sufficient, we must review all
of the evidence in a neutral light and determine whether the evidence
supporting guilt is so weak as to render the conviction clearly wrong and
manifestly unjust or whether the evidence supporting guilt, although adequate
when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67 S.W.3d
229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001);
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  








The record
shows that only one witness testified for the State:  Officer Paul Brashear. 
Officer Brashear of the Dallas Police Department was the complainant in
this case.  He testified that he was
dispatched to appellant=s house in response to a call concerning a stabbing.  When Officer Brashear arrived, Officer Kevin
Janse was trying to gather information and attempting to get into the
house.  Officer Brashear testified that
they gained entry into the house and separated appellant from David Refeld, the
alleged victim of the stabbing.  Officer
Brashear testified that appellant was enraged and that she went into the
kitchen where several knives were visible. 
Officer Brashear testified that he detained appellant and took her
outside the house but that she pulled away and got up in a fighting
stance.  When he tried Ato gain control@ of her, appellant bit him on the left forearm.  The bite was painful and left a scar.  Officer Brashear testified that, although he
placed his forearm somewhat near appellant=s mouth while he was attempting to subdue her, he Asaw her reach down and make a conscious
effort@ to bite his arm.  Officer Brashear also testified that, during the ride to the
jail, appellant told him that she had AIDS and that he was going to die of
AIDS.  According to Officer Brashear,
appellant was enraged, uncooperative, and combative during the entire
incident.  

Several
witnesses testified for appellant. 
Wayne Rodney Battle, a DART driver, testified that he witnessed Officer
Brashear Asnatch@ appellant from the back door of her house and slam her to the
ground.  Battle stated that the officer
took her down Alike a wrestling move.@  The
officer grabbed appellant with one hand around her neck and the other one
behind her back and pulled her off the porch in such a manner that appellant
did not even touch any of the three steps from the back door to the
ground.  Appellant=s face hit the ground first.  Battle did not see appellant make any
aggressive moves toward the officers and did not see her try to bite anyone.  

Another
neighbor, Alton Harper, Jr., a retired naval officer, testified that he also
witnessed the incident.  Harper
testified that the officer yanked appellant=s screen door open, forcefully pulled her out by the arm, and threw her
to the ground face first.  When the
officer took appellant to the ground, he had his forearm over her mouth.  According to Harper, appellant made no
aggressive movements.  Harper testified
that the officers who participated in appellant=s arrest are a disgrace to the uniform.   








Appellant=s sister, Nancy Love, was also present during
the incident.  She testified regarding
prior harassment of appellant by Officer Janse.  She also testified that, on the day of the incident in this case,
appellant had argued and scuffled with Refeld but that there had been no
stabbing or knives involved.  Nancy Love
broke up the argument, and Refeld left. 
Sometime thereafter, police arrived at appellant=s house. 
Appellant was inside and would not let the officers in.  The officers, who were actively trying to
gain entry into the house, said that they just wanted to talk to
appellant.  Nancy Love told them that,
if they would stop jerking on the screen, she would get appellant to open the
door.  When appellant opened the wooden
door, Officer Brashear violently jerked her out of the doorway and then threw
her down to the ground using some kind of Achoke hold,@
apparently trying to put one of his hands around her neck.  Nancy Love testified that she saw Officer
Brashear throw his arm up when he was taking appellant to the ground and that
appellant=s head did not move forward to bite Officer
Brashear.  According to Nancy Love,
appellant made no aggressive movements. 


Appellant
also testified at trial.  Appellant
testified regarding what she felt was prior harassment by Officer Janse.  Four days before the alleged biting, Officer
Janse had given appellant citations stemming from the location in which
appellant had parked her car.  Appellant
and Nancy Love testified that they heard Officer Janse tell another officer, AShe=s going to jail.@  








Appellant
testified that, on the day of the alleged biting, she had packed Refeld=s belongings and asked him to leave because
he had stolen money from her purse and was using drugs.  An altercation ensued and Refeld pushed
appellant.  Nancy Love intervened, and
Refeld left.  Appellant testified that
there were no knives involved and that she did not stab anybody.  When the police subsequently arrived, she
thought that they were just harassing her again.  She did not know anything about a stabbing.  Officer Janse kept pushing on the door, so
she finally told him that she would open the door if the officers would step
back.  When she opened the door, Officer
Brashear Asnatched@ her out of the doorway, swung her around, and Ahurdled@ her to the ground.  According
to appellant, while Officer Brashear was taking her to the ground, he hit her in
the mouth with his arm, knocking one of her teeth out and cracking others.  Appellant=s dental injuries were treated by a dental student at Baylor College of
Dentistry.  The dental student testified
and confirmed that one of appellant=s teeth had been knocked out, that others were chipped, and that these
injuries were caused by some type of trauma. 


Appellant
also called Officer Janse to testify. 
Officer Janse=s
testimony controverted that of Officer Brashear regarding Refeld=s status. 
Officer Janse testified that Refeld was not in the house.  He also testified that, when Refeld was
contacted, he had no visible wounds.  

Although
several witnesses contradicted Officer Brashear=s version of the events that occurred at appellant=s residence, we cannot hold that the evidence
is either legally or factually insufficient. 
Viewing the evidence in the light most favorable to the verdict, we hold
that a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Thus, the
evidence is legally sufficient.  The
second issue is overruled.  

With
respect to a factual sufficiency challenge, we are mindful of the
following:  

Although a
reviewing court has, in a factual sufficiency review, some authority to
disregard evidence that supports the verdict, it must be appropriately
deferential so as to avoid substituting its own judgment for that of the fact
finder.  The reviewing court should not
substantially intrude upon the [fact finder=s] role as the sole judge of the weight and credibility of witness
testimony.  

Vasquez v. State, supra
at 236.  The trial court was the trier
of fact in this case, and we will not substitute our judgment for that of the
trial court.  After reviewing all of the
evidence in a neutral light, we hold that the evidence supporting guilt was
neither so weak nor so greatly outweighed by the overwhelming weight of
contrary evidence as to render appellant=s conviction clearly wrong and manifestly unjust.  The first issue is overruled.  

The
judgment of the trial court is affirmed. 


 

PER
CURIAM                                     

May 15, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.